# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TRAVIS BANKS, ) | |
| ) | |
| Plaintiff, ) | Case: 1:22-cv-06579 |
| ) | |
| v. ) | |
| ) | |
| GRAY SOLUTIONS, LLC, ) | |
| ) | Jury Trial Demanded |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff, Travis Banks ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Gray Solutions, LLC ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendants race-based discrimination, race-based harassment and retaliation under Section 1981 and Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. Plaintiff worked remotely in this judicial district, while Defendant's principal office was in Kentucky.

5. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

6. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PREREQUISITES

7. All conditions precedent have been fulfilled or been complied with.

8. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

9. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

10. This Complaint has been filed within ninety (90) days of his receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

11. At all times material to the allegations of this Complaint, Plaintiff, Travis Banks, resides in Cook County, Illinois.

12. At all times material to the allegations in this Complaint, Defendant, Gray Solutions, LLC is a limited liability company, which employed a Cook County, Illinois resident (Plaintiff) to remotely work in Cook County.

13. Defendant's principal address is 266 East Short Street, Suite 210, Lexington, Kentucky 40507.

## BACKGROUND FACTS

14. Plaintiff is African-American.

15. Plaintiff began working for Defendant as a Senior Automation Engineer on or about March 28, 2022.

16. Since at least April 7, 2022 through August 3, 2022, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class.

17. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

18. On or about April 7, 2022, Plaintiff was working on a project that involved a group text.

19. In the group text, Supervisor Jeremy Reed (Caucasian), said to the effect, "If I can't wear my jewelry, I'm not going" and attached a picture of an African American with gold chains on, and then texted, "gotta hold it down for my homies in the pen".

20. Plaintiff was very disappointed and offended by Supervisor Reed's comments.

21. On or about May 5, 2022 while on a zoom call, Plaintiff's coworker told a racial joke to the effect of, "A black guy, a Hispanic guy, and a white guy walk into a bar", which ended with the black guy's drink getting laced with drugs because "all black guys love shoes."

22. Racial jokes and racial overtone language became a part of nearly every zoom call Plaintiff attended since starting with Gray Solutions, LLC.

23. In those zoom meetings there were at least twenty or more people, including managers, supervisors, and employees that were witnesses to the racial jokes and racial comments.

24. The work atmosphere of being subjected to racial comments and jokes was highly offensive to Plaintiff.

25. Therefore, on or about June 22, 2022, Plaintiff attempted contacting Human

Resources ("HR") regarding the racial comments and jokes that he had been subjected to by Defendant.

26. Plaintiff was told that the HR person was out of town, and that Plaintiff would hear back when the HR staff member returned.

27. Plaintiff has reasonable belief that based on the circumstances, Defendant anticipated his complaints of race-based harassment and intentionally did not follow up as promised.

28. No one ever reached out to Plaintiff from Human Resources.

29. On or about August 3, 2022, Plaintiff received a call from his Supervisor, Jeremy Reed, and was terminated without cause.

30. Plaintiff was taken by complete surprise because everything was business as usual and his performance was adequate prior to requesting to speak with Human Resources and while waiting to speak with Human Resources.

31. Effectively, Plaintiff was subjected to race-based harassment due to the repeated racial jokes and comments that were highly offensive.

32. Plaintiff was prohibited from making a report of the race-based harassment and was terminated for attempting to do so.

33. Plaintiff was treated less favorably than Caucasian employees as a whole and held to a higher standard, which resulted in Plaintiff's employment being terminated on the basis of his race.

## COUNT I

**Race-Based Discrimination in Violation of 42 U.S.C. § 1981**

34. Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

4

35. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

36. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

37. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

38. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*. Race-Based Discrimination

39. Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

40. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

41. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

42. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation,

and degradation.

43. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

## COUNT III
**Violation of Title VII of The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.**
**Race-Based Harassment**

44. Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

45. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of his race (African-American), in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

46. Defendant knew or should have known of the harassment.

47. The race harassment was severe or pervasive.

48. The race harassment was offensive subjectively and objectively.

49. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to his race (African-American).

50. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT IV
**Retaliation in Violation of Title VII, 42 U.S.C. § 2000e, *et seq.***

51. Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

52. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq.*

53. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful race discrimination which created a sufficiently

severe or pervasive work condition in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

54. By virtue of the foregoing, Defendant retaliated against Plaintiff based on his attempts to report the race-based harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

55. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

56. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Compensatory and punitive damages;

    d. Reasonable attorneys' fees and costs;

    e. Award pre-judgment interest if applicable; and

    f. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 23rd day of November, 2022.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*